UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 25-7570-JFW(ASx)** | Date:  October 7, 2025 |

Title:   Angelina & Katherine Garden, LLC, et al. -v- United States Liability Insurance Company, et al.

**PRESENT: HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT
[filed 9/11/2025; Docket No. 19]

On September 11, 2025, Plaintiffs Angelina & Katherine Garden, LLC ("AKG") and Wafik Bishai ("Bishai") (collectively, "Plaintiffs") filed a Motion to Remand Action to State Court.  On September 26, 2025, Defendant United States Liability Company ("Defendant") filed its Opposition.  On October 6, 2025, Plaintiffs filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 20, 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On July 1, 2025, Plaintiffs filed a Complaint against Defendant in Los Angeles County Superior Court, alleging the following claims for relief: (1) breach of written contract; and (2) breach of the covenant of good faith and fair dealing.  On July 2, 2025, Plaintiffs' counsel both emailed and mailed a copy of the Summons and Complaint, along with a Notice of Acknowledgment of Receipt ("NAR") to Ms. Jennifer Sacro, Defendant's registered agent for service of process. Ms Sacro received the mailed copy on July 7, 2025. The NAR provided that Ms. Sacro was required to complete the form and return it within 20 days from the date of mailing (i.e., July 22, 2025) or face liability for the costs of perfecting service by another method.  On July 22, 2025, Ms. Sacro executed and returned the NAR to Plaintiffs' counsel.

On August 13, 2025, 22 days after the return of the signed NAR, Defendant removed the action to this Court on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs now move to remand this action on the grounds that the removal of this action was untimely.

## II. LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Generally, a defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The parties do not dispute that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), i.e., that (1) all plaintiffs are of different citizenship than all defendants, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

However, to remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such an action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Although "the statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional," it "is mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

## III. DISCUSSION

Plaintiffs contend that the thirty-day period for removal began when Defendant's registered agent received the Summons and Complaint via e-mail on July 2, 2025 (or at the latest on July 7, 2025 when Defendant's registered agent received the Summons and Complaint via mail), and thus that Defendant's notice of removal filed on August 13, 2025 was untimely.

The Court disagrees. "[U]nder § 1446(b)(1), the removal time limit starts to run only when the defendant has received the complaint *and* has been formally served." *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1078 (9th Cir. 2024) (emphasis in original). *See also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("[A] defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").

In this case, Defendant was not formally served until July 22, 2025 -- the date Defendant executed the NAR.  See Cal. Code Civ. Proc. § 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."); *Nguyen v. JP Morgan Chase Bank, N.A.*, 2009 WL 10675888, at *1 (C.D. Cal. June 9, 2009) ) ("Under § 415.30, service is not deemed complete until each defendant executes 'written acknowledgment of receipt of summons.'"); *Aniel v. EMC Mortg. Corp.*, 2011 WL 835879, at *3 (N.D. Cal. Mar. 4, 2011) (holding that notice of removal was not untimely, because service under California Code of Civil Procedure § 415.30(c) is deemed complete only upon execution of a written acknowledgment of receipt of summons). Because Defendant filed its Notice of Removal less than 30 days after the NAR was executed, Defendant's removal of this action was timely.

Contrary to Plaintiffs' argument, formal service was not accomplished in accordance with Federal Rule of Civil Procedure 4(h) when Plaintiffs e-mailed a copy of the Summons and Complaint to Defendant's registered agent on July 2, 2025.  Federal Rule of Civil Procedure 4(h)(1)(B) provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served" . . . "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1)(B).  "Although the Federal Rules of Civil Procedure do not explicitly define the term 'delivery' under Rule 4(h)(1)(B), courts have determined that Rule 4 requires personal service."  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2009 WL 4874872, at *2 (N.D. Cal. Oct. 6, 2009).  Accordingly, delivery by email and mail is not sufficient for service pursuant to Federal Rule of Civil Procedure 4(h)(1)(B).

The Court also rejects Plaintiffs' argument that Defendant's registered agent, in her email dated June 6, 2025, agreed that an emailed copy of the summons and complaint would suffice to constitute service. Rather, Ms. Sacro expressly stated that Defendant could proceed with service of process by emailing her the summons, complaint, and any other court documents "*along with a Notice and Acknowledgment.*"   See Smith Decl., Ex. 3 (emphasis added).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand Action to State Court is **DENIED**.

IT IS SO ORDERED.